IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ramiro Espinoza, Juan Gabriel Canas, )<br>and Miguel Robledo on *behalf of themselves* )<br>*and others similarly situated,* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEWETZER LANDSCAPING AND SNOW REMOVAL )<br>SERVICES, INC. AND KURT WEWETZER )<br>)<br>Defendants. ) | Case No. 17-cv-7457<br><br><br><br><br><br><br><br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiffs, as a Complaint against Defendants, allege the following:

## NATURE OF THE CASE

1.  This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2.  This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to remedy violations of the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS 105/4a, on behalf of a class of landscape workers represented by named Plaintiffs Ramiro Espinoza, Juan Gabriel Canas, and Miguel Robledo.

3.  In violation of the FLSA, Defendants failed to pay Plaintiffs and other similarly situated workers overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the

IMWL by failing to pay Plaintiffs and similarly situated workers at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Defendants further violated the IWPCA by taking unauthorized deductions from employees' wages for uniform costs without obtaining written authorization at the time the deductions were made.

4. As a remedy for Defendants' acts, Plaintiff seek relief, on behalf of himself and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiffs' FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiffs Ramiro Espinoza, Juan Gabriel Canas, and Miguel Robledo reside in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiffs were "employee(s)" of Defendants within the meaning of 29 U.S.C. § 203(e), and 820 ILCS 105/3(d).Plaintiffs have signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

9. Defendant Wewetzer Landscaping And Snow Removal Services, Inc. is an Illinois corporation with a principal place of business in Kingston, Illinois and offers various landscape maintenance, landscape construction, and snow removal services.

10. Defendant Wewetzer Landscaping And Snow Removal Services, Inc. is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant Wewetzer Landscaping And Snow Removal Services, Inc. was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

12. Defendant Kurt Wewetzer is the owner of BCLS and is responsible for oversight of its business operations. At all times relevant herein, Defendant Kurt Wewetzer was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, and 820 ILCS 105/3(c).

13. Defendants Wewetzer Landscaping And Snow Removal Services, Inc. and Wewetzer jointly employed Plaintiff and similarly situated workers within the meaning of the FLSA and the IMWL, and are jointly and severally liable for the violations of law asserted herein.

**FACTUAL ALLEGATIONS**

14. During the 3-year period prior to the filing of this Complaint, Plaintiffs and similarly situated persons worked for Defendants.

15. At all times relevant, Plaintiffs and similarly situated workers were required to report each workday to the Defendants' headquarters.

3

16. At all times relevant, Plaintiffs and similarly situated workers were assigned work on landscaping, maintenance, and snow removal projects for Defendants.

17. At all relevant times, and on a customary and regular basis, Plaintiffs and similarly situated employees worked in excess of 40 hours in a workweek.

18. At all times relevant, Defendants failed to pay Plaintiffs and similarly situated workers overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

19. The means Defendants employed to deprive Plaintiffs and other employees of all earned wages included, on information and belief, failing to pay them for all overtime hours worked by engaging in a practice of "banking" hours as opposed to paying employees for their accrued overtime hours in a pay period, as well as failing to pay Plaintiffs and other employees for time spent performing work duties during unpaid meal breaks.

20. At all times relevant, Plaintiffs worked with others similarly situated. On information and belief, the potential collective action and class action of similarly situated employees includes 20 to 25 laborers who suffered the same or similar violations as those described above.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

22. The FLSA Class, of which Plaintiffs are members, and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All landscaping laborers employed by Wewetzer Landscaping And Snow Removal Services, Inc., and Kurt Wewetzer to perform landscaping maintenance, landscaping construction, or snowplowing work at any time from October 2013 through the present.

23. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 20 persons.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

25. Plaintiffs bring Count II and Count III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and other members of the Rule 23 Class defined as:

> All landscaping laborers employed by Wewetzer Landscaping And Snow Removal Services, Inc., and Kurt Wewetzer to perform landscaping maintenance, landscaping construction, or snowplowing work at any time from October 2013 through the present.

26. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Class, but upon information and belief, avers that it consists of at least 30 persons and that most do not speak English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

27. There are questions of law or fact common to the Class, including but not limited to the following:

a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiffs and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

b. whether Defendant Kurt Wewetzer was an "employer" of Plaintiffs and other Class members pursuant to the IMWL and IWPCA.

28. The claims of Plaintiffs are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

29. Plaintiffs will fairly and adequately protect the interests of the Class. His interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

30. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast, certification of the claims in Count II pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

## COUNT ONE
## OVERTIME, FAIR LABOR STANDARDS ACT
## ALL DEFENDANTS -- COLLECTIVE ACTION

32. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

33. Defendants' practice and policy of not paying Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

34. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

35. Defendants' violations of 29 U.S.C. § 207 were willful.

36. Defendants jointly employed Plaintiffs and similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT TWO
### OVERTIME, ILLINOIS MINIMUM WAGE LAW
### ALL DEFENDANTS -- CLASS ACTION

37. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

38. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

39. Defendants' practice and policy of not paying Plaintiff and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

40. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiffs and other members of the Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

41. Defendants jointly employed Plaintiffs and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) for pursuit of the claims asserted in Count I;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" in to this litigation by filing written consent to sue;

C. Award Plaintiffs and similarly situated workers who file written consent to sue their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted in Count II;

E. Award Plaintiffs and the Class actual damages for unpaid overtime compensation and unauthorized uniform deductions;

F. Award Plaintiffs and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL pursuant to 820 ILCS 105/12;

G. Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105/12, and

H. Award Plaintiff and the Class pre- and post-judgment interest at the statutory rate; and

I. Order such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all eligible claims and issues.

Dated: October 16, 2017

Respectfully submitted,
s/ Jorge Sanchez
One of Plaintiffs' Attorneys

Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784